OPINION
{¶ 1} Defendant-appellant Robert Bates appeals from a sentence imposed upon him for three counts of Aggravated Robbery, to which he pled guilty as part of a plea bargain. Bates contends that the trial court had no authority to order the sentence imposed — three concurrent three-year sentences — to be served consecutively to a ten-year felony sentence previously imposed by another Ohio court. We conclude that R.C.2929.14(E)(4) does provide authority for the sentence imposed. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} Bates was charged by indictment with three counts of Aggravated Robbery. He pled guilty as part of a plea bargain. That plea bargain included a joint recommendation, by both Bates and the State, that the sentence would be three, three-year terms of imprisonment, to be served concurrently with one another, but consecutively with a ten-year sentence previously imposed by the Montgomery County Common Pleas Court. The trial court accepted the plea, and imposed the agreed-upon sentence.
 {¶ 3} From his sentence, Bates appeals.
 II {¶ 4} Bates's sole assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT'S IMPOSITION OF THREE-YEAR SENTENCES OF CONFINEMENT FOR THREE COUNTS OF AGGRAVATED ROBBERY WAS UNLAWFULLY IMPOSED CONSECUTIVELY TO A TEN-YEAR SENTENCE IMPOSED IN MONTGOMERY COUNTY."
 {¶ 6} The State responds to Bates's assignment of error by asserting that Bates is prohibited from appealing from his sentence because, under R.C. 2953.08(D), a defendant may not appeal from a sentence if the State and the defendant jointly recommend a sentence as part of a plea negotiation, that sentence is imposed by the trial court, and "the sentence is authorized by law." We understand Bates's entire argument on appeal to be that the consecutive sentence imposed upon him, while jointly recommended, is not authorized by law, and we agree with him that if, in fact, his sentence is not authorized by law, then R.C.2953.08(D) furnishes no impediment to his appeal.
 {¶ 7} Bates cites State v. Thompson, 2002-Ohio-4717, Fairfield App. No. 01CA62, for the proposition that, except under certain circumstances expressly provided for in R.C. 2929.14(E) (1), (2), and (3), which have no application here, a trial court has no authority to order a felony sentence imposed to be served consecutively to a felony sentence previously imposed by another Ohio court. We agree with Bates thatState v. Thompson, supra, so holds, and that the application of this holding to his case would require reversal of his sentence.
 {¶ 8} In State v. Thompson, supra, the Ohio Fifth District Court of Appeals notes that its decision is in conflict with the opinion of the Ohio Tenth District Court of Appeals in State v. Gillman, 2001-Ohio-3968, Franklin App. No. 01 AP-662. We have read State v.Gillman, supra, and we conclude that its holding is, in fact, in conflict with the holding of State v. Thompson on the precise issue that Bates raises in this appeal. Thus, whichever way we decide the issue, we will be in conflict with one of these two sister courts.
 {¶ 9} Although the issue is not free from difficulty, we conclude that R.C. 2929.14(E)(4) authorizes a trial court imposing a felony sentence to order that sentence to be served consecutively with a felony sentence imposed by another court. R.C. 2929.14(E)(1), (2), and (3)require the imposition of sentences consecutively under certain circumstances.
 {¶ 10} R.C. 2929.14(E)(4) permits the imposition of consecutive sentences. Formerly, the trial court was required to make certain findings, set forth in R.C. 2929.14(E)(4), as a result of which itmight, in its discretion, order consecutive sentences. In the aftermath of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, a trial court is no longer required to make certain findings before it "may," pursuant to R.C. 2929.14(E)(4), order consecutive sentences, but may exercise its discretion to do so.
 {¶ 11} The issue in this appeal is whether the permissive provision for consecutive sentences set forth in R.C. 2929.14(E)(4) extends not only to multiple prison terms imposed by the sentencing court, but also extends to the situation, like the one here, where one or more felony prison terms are being imposed after a defendant already has a felony prison term pending that was imposed by another Ohio court.
 {¶ 12} R.C. 2929.14(E)(4) provides as follows:
 {¶ 13} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if * * *."
 {¶ 14} The omitted part of Division (E)(4) corresponds to the findings that are no longer required, as a result of State v. Foster, supra.
 {¶ 15} In our view, the language used in R.C. 2929.14(E)(4) is broad enough to encompass multiple prison terms imposed on an offender by different courts. This interpretation is consistent with R.C.2929.14(A), which requires a sentence of imprisonment to be served concurrently with a sentence of imprisonment "imposed by a court of this state, another state, or the United States[,]" "[e]xcept as provided in * * * division (E) of section 2929.14 * * * of the Revised Code." The exception recognizes that R.C. 2929.14(E) authorizes the imposition of a sentence to be served consecutively with a sentence imposed by a different court, and does not distinguish between the various subdivisions of R.C. 2929.14(E).
 {¶ 16} Furthermore, a contrary interpretation of R.C. 2929.14(E)(4) would lead to the absurd result that someone who has already been sentenced to a lengthy term of imprisonment, and who is either out on bond or escaped, could commit offenses carrying no more punishment than the term of imprisonment already hanging over him, with impunity, secure in the knowledge that even if he is caught, tried and convicted, his sentence will be made concurrent with, and subsumed by, the sentence already pending. We understand that the concept of felony sentencing underlying the statutory scheme enacted in 1996 reserves the imposition of consecutive sentences for the more serious offenses and offenders warranting them, but surely there is a need for a trial judge to have available the possibility of imposing consecutive sentences when circumstances warrant.
 {¶ 17} In reaching the conclusion that R.C. 2929.14(E)(4) authorizes the sentence imposed in this case, we recognize that our decision appears to be in conflict with that of the Fifth District Court of Appeals in State v. Thompson, supra. Bates may wish to move to certify our judgment in his appeal as being in conflict with the decision inThompson, in accordance with App. R. 25.
 {¶ 18} Bates's sole assignment of error is overruled.
 III {¶ 19} Bates's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and DONOVAN, JJ., concur.