THE STATE OF OHIO, APPELLEE, *v.* BATES, APPELLANT.

[Cite as *State v. Bates,* 118 Ohio St.3d 174, 2008-Ohio-1983.]

(Nos. 2007–0293 and 2007–0304—Submitted January
9, 2008—Decided May 1, 2008.)

CUPP, J.

{¶ 1} In this certified-conflict case and discretionary appeal, we hold that the trial court has the authority to order a prison sentence to be served consecutively to a prison sentence previously imposed on the same offender by another Ohio court. The court of appeals held accordingly, and we affirm.

**I**

{¶ 2} Sometime before 2005, the Montgomery County Common Pleas Court sentenced Robert Bates to a ten-year sentence of incarceration. *State v. Bates,* Miami App. No. 06–CA–08, 2006-Ohio-7086, 2006 WL 3849078, ¶ 2.

{¶ 3} In 2005, Bates pleaded no contest to other felonies, this time in the Miami County Common Pleas Court. Pursuant to the joint recommendation from the state and Bates, the Miami County Common Pleas court sentenced Bates to three three-year prison terms, to run concurrently with each other and consecutively to the ten-year prison term imposed by the Montgomery County Common Pleas Court. Bates's sentences were within the statutory range for his offenses.

{¶ 4} The Court of Appeals for Miami County affirmed Bates's sentence, *Bates,* 2006-Ohio-7086, 2006 WL 3849078, and thereafter certified its decision as being in conflict with *State v. Thompson,* 5th Dist. No. 01CA62, 2002-Ohio-4717, 2002 WL 31013641. We determined that a conflict exists regarding whether a trial court has the authority, generally, to order a prison sentence imposed by it to be served consecutively to a prison sentence previously imposed by another Ohio court. *State v. Bates,* 113 Ohio St.3d 1486, 2007-Ohio-1986, 865 N.E.2d 911. We also accepted Bates's discretionary appeal and consolidated the cases. 113 Ohio St.3d 1488, 2007-Ohio-1986, 865 N.E.2d 913.

## II

{¶ 5} On August, 10, 1995, the governor signed into law Am.Sub.S.B. No. 2 ("S.B. 2"). 146 Ohio Laws, Part IV, 7136. This legislation reflected the state's first comprehensive revision of Ohio's criminal code since 1974, and it altered both the definitions of criminal offenses and the sentencing system. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 34; *Woods v. Telb* (2000), 89 Ohio St.3d 504, 507–508, 733 N.E.2d 1103. S.B. 2 provided guidance to the sentencing court in its selection of sentences' maximum and minimum ranges and made sentences subject to a new kind of appellate review. See, e.g., R.C. 2929.13(D), 2929.14(C), and 2953.08(A)(1); Diroll, A Decade of Sentencing Reform, A Sentencing Commission Staff Report (Mar.2007) No. 7, 11–12. S.B. 2 also eliminated the cap on prison time served through consecutive sentences. See, e.g., R.C. 2967.13(F) and (I), effective until July 1, 1996; A Plan for Felony Sentencing in Ohio: A Formal Report of the Ohio Criminal Sentencing Commission (July 1, 1993) 29, 44. Further, S.B. 2 provided that sentences of imprisonment were to be served concurrently unless circumstances consistent with other statutory directives made consecutive terms appropriate. See former R.C. 2929.14(E), 150 Ohio Laws, Part III, 4620, 4665; former R.C. 2929.41(A), 149 Ohio Laws, Part V, 9484, 9691. See also *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 66, 67.

{¶ 6} In 2006, this court reviewed the sentencing components of S.B. 2 in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, in light of the decision of the United States Supreme Court in *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. We concluded in *Foster* that to the extent S.B. 2 required "judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant," the right to a jury trial was violated. Id. at paragraph one of the syllabus. See also id. at paragraph three of the syllabus. As a result, we excised several provisions from the sentencing statute. Id. at paragraphs two and four of the syllabus. Specifically, this court held that R.C. 2929.14(E)(4) and 2929.41(A) were "severed and excised" in their entirety. Id. at ¶ 97.

{¶ 7} Because of the severance remedy, we further held, "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. We acknowledged that although the severance of the sentencing statutes may arguably vitiate some of the goals of S.B. 2, the severance remedy preserved other fundamental goals of S.B. 2 and, without judicial findings, allowed courts full discretion to impose prison terms within the basic ranges when based on a jury verdict or admission of the defendant. Id. at ¶ 100, 102.

In doing so, courts were still to consider the basic purposes and principles of sentencing, and to "determine the most effective way to comply with [such] purposes and principles." See R.C. 2929.11(A) and (B) (the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender through reasonable and proportionate sentences); R.C. 2929.12 (granting the trial court discretion in sentencing and guiding that discretion with a nonexclusive list of seriousness factors to consider except where a mandatory sentence is required); *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36–37.

### III

{¶ 8} In this appeal, the parties recognize that a trial court may impose consecutive prison sentences for multiple felony convictions adjudicated in the same proceeding. But the question remains whether, after *Foster*, a trial court imposing a sentence for a new felony conviction may order that sentence to be served consecutively to a sentence previously imposed for a separate felony conviction in a different Ohio court. The question is further complicated by the statutory presumption created within S.B. 2, yet altered after *Foster*, that sentences of imprisonment are to be served concurrently. Former R.C. 2929.41(A), 149 Ohio Laws, Part V, 9484, 9691; *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 66.

{¶ 9} In its resolution of the matter, the Court of Appeals for Miami County aptly observed that the issue is not without difficulty. It concluded, however, that "R.C. 2929.14(E)(4) authorizes a trial court imposing a felony sentence to order that sentence to be served consecutively with a felony sentence imposed by another court." *State v. Bates*, Miami App. No. 06–CA–08, 2006-Ohio-7086, 2006 WL 3849078, at ¶ 9. The appellate court interpreted *Foster* to have affected R.C. 2929.14(E)(4) by severing only that portion of the statute that pertained to judicial fact-finding. Id. at ¶ 13–14.

{¶ 10} Before this court, the parties have argued extensively the meaning and extent of former R.C. 2929.14(E)(4), focusing on the trial court's ability to impose a consecutive prison sentence when the conduct for which the defendant is sentenced arises from separate proceedings in different courts. Specifically, Bates asserts that the appellate court's interpretation of what remains of former R.C. 2929.14(E)(4) post-*Foster* was correct, but that the trial court reached the wrong result regarding its authority to impose a sentence consecutively to a conviction and sentence in a separate proceeding. Conversely, the state contends that R.C. 2929.14(E)(4) was excised in full and that the trial court possessed inherent authority, in its discretion, to impose consecutive sentences under these circumstances.

{¶ 11} After considering what remains of R.C. 2929.14(E)(4) after *Foster* and the role of trial court discretion in the sentencing process, we conclude that the

trial court had the authority to impose a prison sentence to be served consecutively to a prison sentence previously imposed on the same offender by another Ohio court. We affirm the judgment of the court of appeals, but we do so using a different rationale.[1]

## IV

{¶ 12} A long-standing principle of constitutional law is that the authority for a trial court to impose sentences derives from the statutes enacted by the General Assembly. See *State v. Jones* (1990), 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (the trial court's authority to set conditions of probation derives from statute, and the conditions imposed "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty"); *State v. Morris* (1978), 55 Ohio St.2d 101, 112, 9 O.O.3d 92, 378 N.E.2d 708 ("the General Assembly has the plenary power to prescribe crimes and fix penalties"); *State v. O'Mara* (1922), 105 Ohio St. 94, 136 N.E. 885, paragraph one of the syllabus ("[t]he power to define and classify and prescribe punishment for felonies committed within the state is lodged in the General Assembly * * * ").

{¶ 13} Once the legislature has defined the crime and has established the punishment that the trial court is to impose through its sentencing authority, the foregoing constitutional-law principle further holds that "in the absence of statute [stating otherwise], it is a matter solely within the discretion of the sentencing court as to whether sentences shall run consecutively or concurrently." *Stewart v. Maxwell* (1963), 174 Ohio St. 180, 181, 22 O.O.2d 116, 187 N.E.2d 888. See also *State ex rel. Stratton v. Maxwell* (1963), 175 Ohio St. 65, 67, 23 O.O.2d 357, 191 N.E.2d 549; *Henderson v. James* (1895), 52 Ohio St. 242, 254–255, 39 N.E. 805. As stated in *Stewart*, 174 Ohio St. at 181, 22 O.O.2d 116, 187 N.E.2d 888, "Inasmuch as making sentences for different crimes run concurrently is in the nature of a reward to the convict, * * * it follows that a positive act is required on the part of the sentencing court to cause sentences to run concurrently; and * * * if the entry is silent as to how sentences shall run, it is presumed such sentences will run consecutively." See also 21A American Jurisprudence 2d (2007) Criminal Law, Section 886 (a court has power derived from common law to impose cumulative or consecutive sentences on conviction of several offenses charged in separate indictments, citing cases from Florida, Georgia, Tennessee, New Jersey, and Wyoming).

---

1. Because the conflict case, *State v. Thompson*, 5th Dist. No. 01CA62, 2002-Ohio-4717, 2002 WL 3101361, predates *Foster*, its holding, that a court cannot impose consecutive sentences for offenses arising from different proceedings pursuant to R.C. 2929.14(E)(4), is no longer precedent. Consequently, no conflict exists between these appellate districts; however, we review Bates's appeal under discretionary jurisdiction.

{¶ 14} Before the *Foster* severance, former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) did not appear to permit a trial court to order a prison sentence to be served consecutively to a prison sentence previously imposed by a different court. Neither of these provisions referred to any prison term "previously or subsequently imposed upon the offender," unlike in other provisions of R.C. 2929.14(E). Similarly, before severance by *Foster*, former R.C. 2929.14(E)(4) was permissive, advising that the court "may require the offender to serve the prison terms consecutively," and the statute was written in the present tense, implying that it was applicable only to the sentencing court's present proceeding. In contrast, when the circumstances articulated in former R.C. 2929.14(E)(1), (2), and (3) were present, the statute required that the offender serve prison terms consecutively, thereby altering the general presumption in R.C. 2929.41(A) that sentences of imprisonment shall run concurrently.

{¶ 15} The recommendations made by the Ohio Criminal Sentencing Commission prior to the passage of S.B. 2 also evince an intent that trial courts be permitted to impose consecutive sentences only in certain specified circumstances. Diroll, Felony Sentencing Manual (Aug. 1, 1996) 24, ¶ 7a and b; former R.C. 2929.14(E)(4)(a), (b), and (c). The recommendation was in contrast to the law then in effect, which allowed judges to impose consecutive terms on any multiple offender. A Plan for Felony Sentencing in Ohio: A Formal Report of the Ohio Criminal Sentencing Commission (July 1, 1993) 29.

{¶ 16} We rely on the General Assembly's expertise in writing statutes that express its intended results. The legislature's expression of its intentions through S.B. 2 appears to evidence a policy decision to limit a trial court's ability to impose consecutive sentences to specific situations. If the foregoing analysis is correct, it does not appear that a trial court possessed the authority to order a prison sentence to be served consecutively to a prison sentence previously imposed on the same offender by another court, unless those specific statutory requirements were met. As former R.C. 2929.14(E) indicated, "when the legislature intends a sentencing court to impose multiple sentences consecutively, it explicitly states that intention." *State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 17. The provisions of S.B. 2, therefore, appear to have altered the common-law presumption that unless a sentencing judge orders otherwise, sentences run consecutively in the absence of a controlling statute. Former R.C. 2929.14(E); former R.C. 2929.41(A); *Stratton*, 175 Ohio St. at 67, 23 O.O.2d 357, 191 N.E.2d 549; *Stewart*, 174 Ohio St. at 181, 22 O.O.2d 116, 187 N.E.2d 888; *Henderson*, 52 Ohio St. at 254–255, 39 N.E. 805. See also *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 65–66.[2]

---

2. We note that R.C. 5145.01, which addresses the duration of sentences, provides a presumption of concurrent sentences unless the consecutive-sentences provisions of R.C. 2929.14 and 2929.41 apply.

{¶ 17} Because the case at bar arose post-*Foster*, however, we need not—and therefore do not—decide whether the sentencing court would have lacked the authority to impose a consecutive sentence under the facts presented in this case if former R.C. 2929.14(E) existed as the legislature enacted it. The consequence of the United States Supreme Court's decision in *Blakely*, which spawned this court's *Foster* decision, has altered Ohio's sentencing dynamics.

{¶ 18} The severance and excision of former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) in their entirety by *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph four of the syllabus, leaves no statute to establish in the circumstances before us presumptions for concurrent and consecutive sentencing or to limit trial court discretion beyond the basic "purposes and principles of sentencing" provision articulated and set forth in R.C. 2929.11 and 2929.12. As a result, the common-law presumptions are reinstated. 73 American Jurisprudence 2d (2007), Statutes, Section 271 (the repeal of a statute that abrogates the common law operates to reinstate the common-law rule). Such a conclusion is also consistent with the perspective of the Ohio Criminal Sentencing Commission, which opined that after *Foster*, judges have broader discretion within felony ranges to impose definite and consecutive sentences. Diroll, A Decade of Sentencing Reform, A Sentencing Commission Staff Report (Mar.2007) 19. In particular, "[j]udges are no longer guided to give concurrent sentences unless circumstances argue that consecutive sentences are more appropriate." Id.

{¶ 19} Accordingly, the trial court now has the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently, and we hold that the trial court may impose a prison sentence to be served consecutively to a prison sentence imposed on the same offender by another Ohio court. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus; *Stewart*, 174 Ohio St. at 181, 22 O.O.2d 116, 187 N.E.2d 888.

## V

{¶ 20} No statutory or common-law impediment exists to preclude the Miami County Common Pleas Court from adopting, as it did, the joint sentencing recommendation of Bates and the state and ordering the three concurrent prison terms to run consecutively to the sentence previously imposed by the Montgomery County Common Pleas Court. The judgment of the court of appeals is affirmed.

Judgment affirmed.

---

The effect of the severance of R.C. 2929.14(E)(4) and 2929.41(A) on R.C. 5145.01, however, is an issue that neither Bates nor the state has raised. Because this issue is not before us, we decline to address it.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

———

Gary A. Nasal, Miami County Prosecuting Attorney, and James D. Bennett, First Assistant Prosecuting Attorney, for appellee.

Jones Day, Chad Readler, Michael R. Gladman, and Grant W. Garber, for appellant.