OPINION
{¶ 1} This matter is before the court on a pro se appeal filed by appellant, Lonny Bristow, following the judgment entered by the Trumbull County Court of Common Pleas denying appellant's post-sentence motion to withdraw his guilty plea. As the relative prison terms for the convictions which are at the foundation of this appeal have expired, we hold all issues appellant raises are moot and the appeal is therefore dismissed. *Page 2 
 {¶ 2} The relevant factual background is as follows: On May 19, 2005, the Trumbull County Grand Jury issued an indictment against appellant charging him with seven counts of retaliation, felonies of the third degree in violation of R.C. 2921.05(A) and (C). Appellant was incarcerated in the Trumbull County Correctional Institution at the time of his indictment. All counts in the indictment were thus based upon appellant's alleged actions against various public servants who were executing their duties, in some capacity, at the prison where appellant was an inmate. Appellant appeared for arraignment on June 20, 2005 with counsel and entered a plea of not guilty to all charges.
 {¶ 3} On June 28, 2005, appellant filed various motions with the trial court, including a "motion to proceed pro se," a "request for discovery," and a "request for bill of particulars." On July 29, 2005, appellant filed a motion to dismiss the charges based upon an "as applied" challenge to the constitutionality of R.C. 2921.05.
 {¶ 4} On August 1, 2005, a pretrial hearing was held during which appellant personally communicated his desire to move forward pro se. The trial court engaged appellant in an extensive colloquy regarding the nature of his decision. Appellant informed the court of his extensive acquaintanceship with the criminal justice system as a defendant. He also noted that, although he had not previously proceeded pro se at the trial level, he had represented himself in the Third Appellate District as well as in the Supreme Court of Ohio and won on both occasions. The trial court advised appellant that a trial has unique procedures and evidentiary rules which appellant would be responsible for following. Furthermore, the trial court emphasized that if appellant *Page 3 
determined, before trial, he wished to have representation, an attorney would be appointed so long as the decision was not a last minute dilatory tactic.
 {¶ 5} The court further inquired as to whether appellant had any questions and whether any threats or promises were made to cause him to make his decision. Appellant responded in the negative and additionally averred his decision was made freely and voluntarily. Appellant then signed a formal waiver of counsel.
 {¶ 6} Between August 1, 2005 and September 23, 2005, appellant filed a variety of motions including a "supplemental motion to dismiss," a "motion for an order providing access to discovery documents," a "motion for an order arranging the interview of a witness," and a "supplement/reply memorandum to motion to dismiss."
 {¶ 7} On October 27, 2005, the grand jury issued a superseding indictment adding Counts Eight and Nine, ethnic intimidation and aggravated menacing, felonies of the fifth degree in violation of R.C. 2927.12(A) and (B) and R.C. 2903.21(A), and Counts Ten through Fourteen, aggravated menacing, misdemeanors of the first degree in violation of R.C. 2903.21(A). Again, the additional counts in the superseding indictment related to alleged actions committed by appellant against public servants at the Trumbull County Correctional Institution.
 {¶ 8} On December 5, 2005, appellant was arraigned on the charges filed in the superseding indictment. During the arraignment proceedings, the state and appellant arrived at a plea agreement whereby appellant would plead guilty to an amended indictment charging him with two counts of "ethnic intimidation by reason of aggravated menacing" (Counts 8 and 9) and five counts of aggravated menacing (Counts 10 through 14). The plea agreement set forth a handwritten statement that appellant had *Page 4 
proceeded pro se and waived counsel. Upon the state's motion, the trial court entered a nolle prosequi on the remaining seven counts in the indictment. On the same date, the matter proceeded to sentencing and appellant sentenced to seven months imprisonment on Counts 8 and 9, and six months imprisonment on Counts 10 through 14. The sentences were ordered to be served concurrently as jointly recommended by appellant and the state.
 {¶ 9} Appellant filed a pro se direct appeal from his convictions. Appellant's sole assignment of error was a purported deficiency, in violation of Crim. R. 10(C), in the lower court's explanation of his right to counsel during the arraignment on the superseding indictment. On December 8, 2006, this court rejected appellant's argument and affirmed the lower court. State v. Bristow, 11th Dist. No. 2005-T-0147,2004-Ohio-6493.
 {¶ 10} On May 8, 2008, appellant filed a motion to withdraw his guilty plea. The trial court denied the motion through a judgment filed on June 10, 2008. The court later filed a nunc pro tunc entry on June 18, 2008. Appellant now appeals asserting the following five assignments of error:
 {¶ 11} "[1.] The trial court erred in denying appellant's motion to withdraw his guilty pleas where there exists a manifest injustice where appellant was arraigned on June 20, 2005 in violation of Crim. R. 10(C).
 {¶ 12} "[2.] The trial court erred in denying appellant's motion to withdraw his guilty pleas where a manifest injustice exists where appellant was not offered nor waived the right to standby counsel. *Page 5 
 {¶ 13} "[3.] The trial court erred in denying appellant's motion to withdraw his guilty pleas where a manifest injustice exists where the trial court did not comply with Crim. R. 11(C)(1).
 {¶ 14} "[4.] The trial court erred in denying appellant's motion to withdraw his guilty pleas where appellant demonstrated a genuine issue that he was not guilty of the offenses to which he pled guilty.
 {¶ 15} "[5.] The trial court erred in denying appellant's motion to withdraw his guilty pleas without an evidentiary hearing."
 {¶ 16} Our research indicates appellant has served his sentence as it relates to the charges that were at the core of his guilty plea which he moved the lower court to withdraw. As appellant has served the sentences on his convictions, his assignments of error related to those convictions are rendered moot. See State v. Fletcher, 11th Dist. No. 2005-L-116, 2006-Ohio-2496, at ¶ 8; see, also, State v. Lane-Rout, 11th Dist. No. 2003-A-0037, 2005-Ohio-702, at ¶ 8-9; State v. Hill, 11th Dist. No. 2005-A-0010, 2006-Ohio-1166, at ¶ 38. Because appellant remains in prison, however, we believe our conclusion deserves some explanation.
 {¶ 17} Appellant pleaded guilty to the charges at the heart of the instant appeal on December 5, 2005 and was sentenced on the same date. As indicated above, appellant was ordered to serve seven months on each of the ethnic intimidation convictions, felonies of the fifth degree, and six months on each of the assault convictions, misdemeanors of the first degree. Appellant was accordingly ordered to serve aggregate actual term of seven months imprisonment for the crimes to which he pleaded guilty. During the sentencing hearing the trial court gave appellant credit for *Page 6 
time served from June 20, 2005, the date appellant commenced being held without bond in the underlying case.
 {¶ 18} The law governing felony sentencing at the time appellant was sentenced prohibited the particular terms to which appellant was sentenced from being served consecutively to the terms appellant was already serving. See, generally, State v. Bates, 118 Ohio St.3d 174,2008-Ohio-1983. With this in mind, appellant's sentence on the criminal convictions at issue expired on January 20, 2006 rendering any future legal challenges related to those convictions moot. AlthoughBates does not directly address the issue which we hold renders the instant appeal moot, its analysis provides sound guidance and, as such, fundamentally anticipates our conclusion.
 {¶ 19} Specifically, in Bates, the Supreme Court of Ohio was asked to resolve the question of whether, after its decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, a trial court imposing a sentence for a new felony conviction may order that sentence to be served consecutively to a sentence previously imposed for a separate felony conviction in a different Ohio court. In answering the certified question in the affirmative, the Court embarked on a well-articulated analysis of the history of and authority for such a practice.
 {¶ 20} The Court first pointed out that, under the common law, a new felony sentence was presumed to run consecutive to other sentences a defendant was already serving unless the court explicitly stated in its entry that the term would run *Page 7 
concurrently.[1] Bates, supra, at 177. The policy behind the presumption was stated thusly:
 {¶ 21} "`Inasmuch as making the sentences for different crimes run concurrently is in the nature of a reward to the convict, * * * it follows that a positive act is required on the party of the sentencing court to cause sentences to run concurrently;'" Id., quoting Stewart v.Maxwell (1963), 174 Ohio St.180, 181.
 {¶ 22} However, the enactment of Senate Bill 2 in 1996 significantly altered this common law presumption. Bates, supra, at 178. In commenting on the permissibility of "stacking" sentences under Senate Bill 2, the court observed:
 {¶ 23} "Before the Foster severance, former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) did not appear to permit a trial court to order a prison sentence to be served consecutively to a prison sentence previously imposed by a different court. Neither of these provisions referred to any prison term `previously or subsequently imposed upon the offender,' unlike in other provisions of R.C. 2929.14(E). Similarly, before severance by Foster, former R.C. 2929.14(E)(4) was permissive, advising that the court `may require the offender to serve the prison terms consecutively,' and the statute was written in the present tense, implying that it was applicable only to the sentencing court's present proceeding. In contrast, when the circumstances articulated in former R.C. 2929.14(E)(1), (2), (3) were present, the statute required that the offender serve [the] prison term consecutively, thereby altering the general presumption in R.C. 2929.41(A) that sentences of imprisonment shall run concurrently." Bates, supra, at 178. *Page 8 
 {¶ 24} Accordingly, a review of the relevant portions of Senate Bill 2 imply a trial court was fundamentally limited to imposing consecutive sentences on a multiple offender contemporaneously serving a term of imprisonment on a separate conviction to those situations expressly codified by the General Assembly, viz., R.C. 2929.41(B) and former R.C. 2929.14(E)(1), (2), and (3). Id. 177-179.
 {¶ 25} At the time appellant was sentenced to the aggregate seven month term of imprisonment in the underlying Trumbull County matter, he was already in prison on various other convictions which arose from various other Ohio counties. Appellant's sentence was issued prior to the Supreme Court's decision in Foster, supra, but after 1996. Appellant's sentence was therefore issued pursuant to Senate Bill 2. However, none of circumstances set forth under former R.C. 2929.41(B) or former R.C. 2929.14(E)(1), (2), or (3) applied to the charges to which appellant pleaded guilty. Thus, the limitations of the statutes governing felony sentencing at the time of appellant's sentencerequired appellant's seven month aggregate term to be served concurrent with the terms appellant was already serving from different courts.[2]
Because the sentences for the crimes that are at the basis of this appeal necessarily ran concurrent to his other sentences, appellant's sentence expired in late January of 2006.
 {¶ 26} Once a criminal sentence has been served, any appeal is moot because there is no subject matter for the court to decide. In re.S.J.K., 114 Ohio St.3d 23, 25, 2007-Ohio-2621, citing, St. Pierre v.United States (1943), 319 U.S. 41, 42. Thus, for *Page 9 
the reasons discussed above, appellant's five assignments of error are overruled as moot and the instant appeal is dismissed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY O'TOOLE, J., concurs in judgment only.
[1] Although coincidental to our holding, it is worth noting that, post-Foster, the common law presumption related to this issue was reinstated. That is, after the governing statutory sections were severed and effectively repealed, the common law operated to reinstate the common-law rule. Bates, supra, at 179.
[2] It seems the trial court recognized appellant's sentence could not be "stacked" because its judgment entry was completely silent on the issue.