[Cite as *State v. Marino*, 2013-Ohio-113.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA36 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| BRANDON M. MARINO, | : | |
| | : | **RELEASED 01/11/13** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Stephen K. Sesser, Chillicothe, Ohio, for appellant.

James E. Schneider, Washington County Prosecuting Attorney and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Brandon Marino appeals his sentence for a sexual battery conviction. He argues that the trial court erred by ordering that his 60 month sentence run consecutively to an unrelated burglary sentence. R.C. 2929.41(A) requires that a defendant's sentence shall be served concurrently with any other prison term, unless one of the listed exceptions applies. And because none of the exceptions pertain to Marino's conviction, his consecutive sentence is clearly and convincingly contrary to law. Accordingly, we sustain his assignment of error and reverse the trial court's judgment.

I. FACTS

{¶2}    Brandon Marino was charged with aggravated burglary, rape and sexual battery. He subsequently pleaded guilty to one count of sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(3)&(B). As part of the plea agreement, the court

dismissed the remaining charges. After receiving a presentence investigation and a report by the SEPTA center, the court ordered Marino to serve a 60 month sentence to run consecutively to his prison sentence for an unrelated burglary conviction. This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶3}   Marino presents one assignment of error for our review:

{¶4}   "THE TRIAL COURT ERRED IN THAT IT ABUSED ITS DISCRETION WHEN IT SENTENCED MARINO TO A CUMULATIVE PRISON TERM OF FIVE (5) YEARS TO AN UNRELATED BURGLARY EVENT THAT OCCURRED AFTER THIS MATTER."

## III. CONSECUTIVE SENTENCE

{¶5}   Marino argues that the trial court erred by ordering his 60 month sentence in this case run consecutively to an unrelated four year burglary sentence. Specifically, he claims that the trial court abused its discretion. After reviewing the record and the law, we agree.

### A. Standard of Review

{¶6}   "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.

B. Clearly and Convincingly Contrary to Law

**{¶7}**   When imposing its sentence, the trial court must consider the principles and purposes of sentencing in R.C. 2929.11 and balance the seriousness and recidivism factors under 2929.12.  *Kalish* at ¶ 13.  In addition, the sentencing court must also be guided by statutes that are specific to the case itself.  *Id.*

**{¶8}**   Marino was convicted of a third-degree felony in violation of R.C. 2907.03(A)(3)&(B).  Under R.C. 2929.14(A)(3)(a), the prison term for a third-degree felony conviction in violation of R.C. 2907.03 "shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months."

**{¶9}**   In this case, although Marino's 60 month sentence is the maximum possible, it is clearly within the prescribed statutory limits set by R.C. 2929.14(A)(3)(a). Marino argues that by ordering his five year sentence in this case to run consecutively with his four year sentence, the trial court effectively sentenced him to a nine year prison term that falls outside the permissible statutory range.  Although we do not find this specific argument persuasive, we do conclude his sentence is contrary to law.

**{¶10}**  R.C. 2929.41(A), the law regarding consecutive sentencing, previously stated: "Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term."  However, in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio declared R.C. 2929.41(A) unconstitutional and severed it from the statute.  *Id.* at paragraphs three and four of the syllabus.  The Court held that because no statute remained the "common-law presumptions [were] reinstated."  *State*

*v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 18. Thus, trial courts were left with full discretion to determine whether a prison sentence would run consecutively to any other term of imprisonment. *Foster* at paragraph seven of the syllabus.

{¶11}   However, the General Assembly subsequently enacted Am.Sub.H.B. 86, which rewrote R.C. 2929.41(A). The legislature stated:

> In amending division (E)(4) of section 2929.14 and division (A) of section 2929.41 of the Revised Code in this act, it is the intent of the General Assembly to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1. The amended language in those divisions is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), ... Ohio St.3d ..., Slip Opinion No. 2010–Ohio–6320 and, although constitutional under *Hodge*, *supra*, that language is not enforceable until deliberately revived by the General Assembly.

{¶12}   As a result of H.B. 86, R.C. 2929.41(A) now mandates that "[e]xcept as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state." Thus, the general rule currently is that any sentence must be served concurrently with any other prison term or sentence of imprisonment.

{¶13}   Because H.B. 86 took effect on September 30, 2011, the amended version of R.C. 2929.41(A) was controlling at the time of Marino's sentencing held on November 22, 2011. And because none of the exceptions named in the current statute

apply to Marino's case, the trial court was required to impose a concurrent sentence.[1] Thus, Marino's consecutive sentence is clearly and convincingly contrary to law.

{¶14}  Here, the trial court did not adhere to R.C. 2929.41(A).  Therefore, the portion of Marino's sentence ordering him to serve his sentence consecutively to his unrelated burglary sentence is clearly and convincingly contrary to law.  Although Marino did not make this precise argument in his brief, we deem it plain error as the Supreme Court of Ohio in *State v. Fischer* held that no court has the authority to simply disregard or overlook a mandatory sentencing provision.  *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 23.  Moreover, the failure to follow a mandatory sentencing provision would also be an abuse of discretion.  As a result, we sustain Marino's assignment of error and reverse the trial court's judgment.

JUDGMENT REVERSED.

---

[1] Before the Supreme Court of Ohio found R.C. 2929.14(E)(4) unconstitutional  in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the statute addressed the imposition of consecutive sentences and the findings a trial court needed make to impose such a sentence.  In *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, the Court noted that "[b]efore the *Foster* severance former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) did not appear to permit a trial court to order a prison sentence to be served consecutively to a prison sentence previously imposed by a different court." *Id.* at ¶ 14.  When the General Assembly passed Am.Sub.H.B. 86 and revived the language of former R.C. 2929.14(E)(4) it renumbered the statute as R.C. 2929.14(C)(4).  *See State v. Bloom*, 8th Dist. No. 97535, 2012-Ohio-3805, ¶ 18.  However, the legislature did not reflect this change in R.C. 2929.41(A), and as a result the statute still identifies R.C. 2929.14(E), rather than R.C. 2929.14(C), as an exception to the general rule that sentences shall run concurrently.  Because R.C. 2929.14(E) now addresses sentences for specific serious felony convictions, it is inapplicable to this case.  Thus, we need not determine whether the trial court in this case had the authority under R.C. 2929.14(C)(4) to order Marino's prison sentence to be served consecutively to his prison sentence previously imposed by another Ohio court.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and the Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment Only.

For the Court

BY: _____
William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**