[Cite as *State v. McClure*, 2011-Ohio-1415.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                    :          C.A. CASE NO.    24129

v.                                               :          T.C. NO.    09 CR 4190

ERIC McCLURE                                     :          (Criminal appeal from
                                                            Common Pleas Court)

    Defendant-Appellant              :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___25th___ day of ____March____, 2011.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

RICHARD B. REILING, Atty. Reg. No. 0066118, 5045 N. Main Street, Suite 320D, Dayton, Ohio 45415
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Eric McClure, filed July 1, 2010. On December 23, 2009, McClure was indicted on one count of rape of a person less than ten years old, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The victim was McClure's step-grandson, who was nine years old at the time of the

offense. On April 12, 2010, McClure was charged by way of a Bill of Information with rape by force or threat of force, in violation of R.C. 2907.02(A)(2), a felony of the first degree. McClure pled guilty to one count of rape in violation of R.C. 2907.02(A)(2), and the trial court, at the State's request, entered a nolle prosequi as to the indicted charge of rape of a child under ten years old. The trial court sentenced McClure to a mandatory term of seven years in prison, and the trial court designated him a Tier 3 sex offender.

{¶ 2}   At sentencing, the trial court noted that the age of the victim had been "deleted, * * * so that we were dealing with just this one offense, [a] felony of the first degree which carrie[s] a mandatory sentence." The court noted that it had reviewed the Pre-Sentence Investigation Report as well as a June 4, 2010, Psychological Evaluation of McClure performed by Dr. James Daniel Barna for the defense. Barna, after interviewing and psychologically testing McClure for 15 hours, opined that McClure is unlikely to sexually reoffend.

{¶ 3}   At sentencing, McClure addressed the court as follows: " * * * you know, this is my family. And I'm going to do whatever it takes and however long it takes to make things - - I can't make things right, but I'm going to try to make things better. For everyone." McClure's wife also addressed the court. She stated, "I'm Eric's wife. And we've been married, it'll be nine years next week. And he has never done anything like this before. And he needs help. He doesn't need to be locked up. And he's just never done anything like this before. He's always been good to the kids. And we have nine grandchildren and he's always been good to them. * * * He just made a mistake."

{¶ 4}   The court then responded, " * * * And the Court is, although concerned about

your husband, I'm more concerned about [the victim] and the other grandchildren. And it is the court's obligation to do something about it." The court then stated, "after considering all these matters," that seven years was an "appropriate sentence."

{¶ 5} McClure asserts one assignment of error as follows:

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT, A FIRST TIME AND ONE TIME OFFENDER, TO SEVEN YEARS."

{¶ 7} According to McClure, there was no evidence, pursuant to R.C. 2929.12(B)(2), that the victim suffered "serious physical, psychological, or economic harm as a result of the offense" such that McClure's conduct was more serious than conduct normally constituting the offense of rape, and that the absence of such evidence mandated a minimum sentence. McClure further argues that, pursuant to R.C. 2929.12(C)(4), "substantial grounds" exist "to mitigate the offender's conduct," namely that McClure suffered from severe depression, such that his conduct is less serious than conduct normally constituting the offense of rape. Finally, McClure asserts that the trial court failed to consider the relevant factors contained in R.C. 2929.12(E), and he asserts that the absence of prior criminal offenses in his record, his law-abiding life prior to the offense, the fact that the offense was an isolated incident, and his genuine remorse, all indicate that he is not likely to commit future crimes and "suggest that a minimum sentence of three years was more than enough to comply with the purposes and principles of sentencing."

{¶ 8} In his Reply Brief, McClure argues that his sentence is "inconsistent with other sentences issued by Montgomery County Justices in like offenses."

{¶ 9} "The overriding purposes of felony sentencing are to protect the public from

future crime by the offender and others and to punish the offender." R.C. 2929.11(A).

{¶ 10} "[I]n *State v. Barker,* Montgomery App. No. 22779, 2009-Ohio-3511, at ¶ 36-37, we stated:

{¶ 11} "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, * * * 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, * * * 2006-Ohio-855, at ¶ 37." *State v. Ulrich*, Montgomery App. No. 23737, 2011-Ohio-758, at ¶ 20-21. "'[E]ven if there is no specific mention of [R.C. 2929.11 and R.C. 2929.12], "it is presumed that the trial court gave proper consideration to those statutes."'" *State v. Hall*, Clark App. No. 10-CA-23, 2011-Ohio-635, ¶ 51.

{¶ 12} "'When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, * * * , 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id.'" *Ulrich*, at ¶ 22.

{¶ 13} "'[I]n the felony sentencing context, "[a]n abuse of discretion can be found if

the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and 2929.12.'" *State v. Jordan*, Columbiana App. No. 09 CO 31, 2010-Ohio-3456, ¶ 12 (internal citation omitted)." *State v. Saunders*, Greene App. No. 2009 CA 82, 2011-Ohio-391, at ¶ 15.

{¶ 14} Finally, "'[i]f a defendant intends to argue that the sentence imposed in a particular case is so inconsistent with sentences imposed for similar offenses committed by similar offenders as to be disproportionately harsh, he must object or otherwise raise that issue in the trial court, affording that court an opportunity to correct the error.' (citations omitted). Because [McClure] raises this argument for the first time on appeal, [he] has waived all but plain error." *Ulrich*, at ¶ 28.

{¶ 15} We initially note that McClure's seven-year sentence is within the statutory range for a first degree felony, with three years being the minimum sentence and ten years being the maximum sentence authorized by law, pursuant to R.C. 2929.14(A)(3). While the sentencing court did not make specific mention of the factors in R.C. 2929.11 and 2929.12, we presume that the court gave those factors proper consideration. In other words, McClure's sentence is not contrary to law.

{¶ 16} Further, we cannot conclude that the sentencing court abused its discretion in sentencing McClure. The nature of the offense supports a sentence in the upper range; McClure pled guilty to rape with force or threat of force. While Barna opined that McClure was not likely to reoffend, it was up to the trial court to decide the appropriate weight to be given to Barna's opinion, and the court was free to disregard the Psychological Evaluation and/or give it little weight. McClure did not object to the alleged inconsistency of his

sentence below with the sentences of similar offenders, and we see no plain error. Finally, we note that, had McClure been sentenced on the charge for which he was originally indicted, he would have been subject to life imprisonment. See R.C. 2907.02(B).

{¶ 17} McClure's sentence of seven years is consistent with the overriding purposes of felony sentencing, and since the sentence is not contrary to law and an abuse of discretion is not demonstrated, McClure's sole assigned error is overruled.

{¶ 18} The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Johnna M. Shia
Richard B. Reiling
Hon. Barbara P. Gorman, Presiding and Administrative Judge
(trial judge - Hon. Michael T. Hall)