[Cite as *State v. Bailey*, 2012-Ohio-1569.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2011 CA 40 |
| v. | : | T.C. NO. 10CR716A |
| BROOK BAILEY | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ___6th___ day of ___April___, 2012.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
         Attorney for Plaintiff-Appellee

RICHARD E. MAYHALL, Atty. Reg. No. 0030017, 20 S. Limestone Street, Suite 235, Springfield, Ohio 45502
         Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  Defendant-appellant Brook A. Bailey appeals his conviction and sentence

for one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1),

a felony of the first degree, and one count of possession of cocaine, in violation of R.C. 2925.11, also a felony of the first degree. Bailey filed a timely notice of appeal with this Court on June 7, 2011.

{¶ 2} Over the course of several months in 2009 and 2010, the police in Springfield, Ohio, conducted an intensive investigation of Bailey and others based on their involvement in a drug trafficking ring in the area. The individuals involved in the trafficking ring besides Bailey, included his wife, Melissa Bailey, Todd Bailey, Tai Wilson, Tommia Gates, and Demetrius Thomas. Based on their observations and surveillance, the police concluded that Bailey directed the drug operation, supplying cocaine to Tai Wilson and Todd Bailey. The police also discovered cocaine residue in wrappers used for drug transport in trash pulled from Bailey's residence.

{¶ 3} In July of 2010, the Springfield police executed a search warrant at Bailey's residence wherein they recovered a Glock .40 caliber handgun, a small amount of crack cocaine, 886 grams of powder cocaine, and approximately $34,000.00 in a closet. The police were able to secure the search warrant after Melissa Bailey provided them with information regarding Bailey's criminal activities. Melissa began cooperating with the police after an incident wherein Bailey hit her in the eye. Bailey was indicted for domestic violence in a separate case number. After assaulting Melissa, Bailey violated a protection order that his wife had obtained. This led to a second indictment for violation of a protection order and intimidation of a witness.

{¶ 4} On October 25, 2010, Bailey was indicted for one count of engaging in a pattern of corrupt activity, one count of money laundering, two counts of possession of

drugs, and one count of having a weapon while under disability. As part of a plea agreement, Bailey pled guilty to engaging in a pattern of corrupt activity and possession of cocaine, while the State agreed to dismiss the remaining counts in the indictment. As part of the plea negotiations, Bailey also pled guilty to one count of domestic violence and one count of intimidation of a witness in the separate cases. The State also agreed that any sentence imposed in the instant case would run concurrent to the sentences imposed in the separate indictments.

{¶ 5} On May 11, 2011, the trial court sentenced Bailey to seventeen months in prison for domestic violence, four years in prison for intimidation of a witness, ten years for engaging in a pattern of corrupt activity, and ten years imprisonment for possession of cocaine. The trial court ordered all of the sentences imposed to run concurrent to one another for an aggregate sentence of ten years in prison.

{¶ 6} It is from this judgment that Bailey now appeals.

{¶ 7} Because they are interrelated, Bailey's two assignments will be discussed together as follows:

{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING MAXIMUM SENTENCES OF TEN YEARS ON THE TWO COUNTS IN CASE NUMBER 10-CR-716."

{¶ 9} "BECAUSE THE SENTENCE IMPOSED BY THE TRIAL COURT IS DISPROPORTIONATE AND INCONSISTENT, IT IS CONTRARY TO LAW AND CONSTITUTES ERROR."

{¶ 10} In his first assignment, Bailey contends that the trial court abused its

discretion when it imposed maximum ten year sentences for each of the counts for which he was convicted in the instant case, to wit: engaging in a pattern of corrupt activity and possession of cocaine. In his second assignment, Bailey argues that his aggregate sentence of ten years was contrary to law because his co-defendants received substantially smaller sentences for the same conduct.

{¶ 11} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).

{¶ 12} "[I]n *State v. Barker,* Montgomery App. No. 22779, 2009-Ohio-3511, at ¶ 36-37, we stated:

{¶ 13} "'"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, * * * 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, * * * 2006-Ohio-855, at ¶ 37.'" *State v. Ulrich*, 2d Dist. Montgomery No. 23737, 2011-Ohio-758, at ¶ 20-21. "[E]ven if there is no specific mention of [R.C. 2929.11 and R.C. 2929.12], 'it is presumed that the trial court gave proper consideration to those statutes.'" *State v. Hall*, 2d Dist. Clark No. 10-CA-23, 2011-Ohio-635, ¶ 51.

{¶ 14} "'When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the

sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, * * * , 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id.'" *Ulrich*, at ¶ 22.

{¶ 15} "'[I]n the felony sentencing context, "[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and 2929.12."'" *State v. Jordan*, Columbiana App. No. 09 CO 31, 2010-Ohio-3456, ¶ 12 (internal citation omitted)." *State v. Saunders*, 2d Dist. Greene No. 2009 CA 82, 2011-Ohio-391, at ¶ 15.

{¶ 16} We initially note that Bailey's ten-year sentence, while at the top of the range for these offenses, is clearly within the statutory range for a first degree felony, with three years being the minimum sentence and ten years being the maximum sentence authorized by law, pursuant to R.C. 2929.14(A)(3). While the sentencing court did not make specific mention of the factors in R.C. 2929.11 and 2929.12 at the sentencing hearing, the judgment entry indicates that the trial court considered the principles and purposes of sentencing as required by statute. Simply put, Bailey's sentence is not contrary to law.

{¶ 17} Further, we cannot conclude that the sentencing court abused its discretion by imposing the maximum sentence. Before imposing sentence, the trial court noted that it had reviewed the pre-sentence investigation report, which included a detailed list of the offenses committed by Bailey, as well as his extensive criminal history. The trial court found that Bailey had been previously convicted of improper handling of a firearm in a

motor vehicle, carrying a concealed weapon, assault on a peace officer, domestic violence, trafficking in crack cocaine, and receiving stolen property. The trial court also noted that Bailey had been adjudicated a delinquent for improper discharge of a firearm. Lastly, the trial court stated that it found that the evidence established that Bailey was complicit in all aspects of the drug trafficking ring.

{¶ 18} In his second assignment, Bailey asserts that his ten-year sentence is contrary to law because it is substantially greater than the sentences imposed upon his co-defendants, which ranged from community control to five years' incarceration. Bailey argues that the State made no effort to distinguish his conduct from that of his co-defendants and provided no reason "why his sanction should be so much more severe."

{¶ 19} Although Bailey's sentence was greater than that of his co-defendants, evidence presented by the State established that Bailey was more culpable regarding the drug trafficking ring, and he was convicted of other offenses as part of the plea agreement. There was no evidence adduced at the sentencing hearing regarding the co-defendants' prior criminal history, if any. We note, however, that the plea agreements entered into by his co-defendants were different from the plea agreement to which Bailey agreed. On March 21, 2011, Todd Bailey pled guilty to one count of engaging in a pattern of corrupt activities, and the parties agreed to a four-year prison term. Tai Wilson also pled to engaging in a pattern of corrupt activities, and the parties agreed to a five year term of imprisonment. Tommia Gates pled guilty to one count of money laundering and received the State's recommendation for community control. On this record, we cannot find that Bailey was similarly situated to his co-defendants. Bailey's co-defendants obviously negotiated more

beneficial plea agreements. Thus, his sentence is neither disproportionate nor inconsistent with that of his co-defendants.

**{¶ 20}** Bailey's first and second assignments of error are overruled.

**{¶ 21}** Both of Bailey's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Lisa M. Fannin
Richard E. Mayhall
Hon. Richard J. O'Neill