[Cite as *State v. Kumpfel*, 2013-Ohio-3383.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellee                       :          C.A. CASE NO. 2011 CA 45

v.                                                :          T.C. NO.    10CR856

GREG KUMPFEL                                      :          (Criminal appeal from
                                                             Common Pleas Court)

    Defendant-Appellant                      :

                                                  :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the   2nd   day of    August   , 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

JAMES D. MARSHALL, Atty. Reg. No. 0012648, Public Defender Office, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  Defendant-appellant Greg Kumpfel appeals his sentence for one count of failure to stop after an accident, in violation of R.C. 4549.02(A), a felony of the third degree.

The instant case arose on September 14, 2010, when Kumpfel struck and killed Robin Shawver as she walked across Lake Road in Clark County. The license plate from Kumpfel's vehicle was found at the scene, and after obtaining a search warrant, investigating officers located Kumpfel's vehicle in a wooded area behind his home.

{¶ 2} On December 20, 2010, Kumpfel was indicted on one count of failure to stop after an accident and one count of tampering with evidence, and he pled not guilty. On May 26, 2011, Kumpfel withdrew his pleas and entered a plea of no contest to failure to stop after an accident. The tampering charge was dismissed. The trial court sentenced Kumpfel to five years in prison and suspended his driver's license for 15 years.

{¶ 3} Kumpfel filed a timely notice of appeal from his conviction and sentence on June 20, 2011. In an opinion issued on May 4, 2012, we affirmed Kumpfel's conviction and sentence. Kumpfel subsequently filed an application to reopen his appeal on August 2, 2012, which we denied on October 15, 2012. On October 24, 2012, Kumpfel filed a motion for reconsideration of his application to reopen. We granted Kumpfel's motion for reconsideration in a decision and entry issued on December 19, 2012. In so doing, we reopened Kumpfel's direct appeal but "limited [it] to the issue of ineffective assistance of appellate counsel by virtue of counsel's failure to thoroughly brief and argue that Kumpfel's sentence was contrary to law and an abuse of discretion."

{¶ 4} Because they are interrelated, Kumpfel's first and second assignments of error will be discussed together as follows:

{¶ 5} "THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM FIVE YEAR PRISON SENTENCE WAS CONTRARY TO LAW."

**{¶ 6}** "THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM FIVE YEAR PRISON SENTENCE WAS AN ABUSE OF DISCRETION."

**{¶ 7}** In his first assignment, Kumpfel contends that the trial court's imposition of the maximum five-year prison sentence was contrary to law because pursuant to R.C. 2929.14(C), the trial court was required to make a finding that his conduct was the worst form of the offense or that he posed the greatest likelihood of committing future crimes. In his second assignment, Kumpfel argues that the trial court abused its discretion by sentencing him to the maximum five-year prison sentence because the sentence was excessive, the court did not consider the sentencing factors under R.C. 2929.14(C), and the trial court failed to state on the record what seriousness and recidivism factors it considered when it imposed the sentence.

**{¶ 8}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).

**{¶ 9}** "[I]n *State v. Barker,* Montgomery App. No. 22779, 2009-Ohio-3511, at ¶ 36-37, we stated:

"'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, * * * 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*,

109 Ohio St.3d 54, * * * 2006-Ohio-855, at ¶ 37.'" *State v. Ulrich*, 2d Dist. Montgomery No. 23737, 2011-Ohio-758, at ¶ 20-21. "[E]ven if there is no specific mention of [R.C. 2929.11 and R.C. 2929.12], 'it is presumed that the trial court gave proper consideration to those statutes.'" *State v. Hall*, 2d Dist. Clark No. 10-CA-23, 2011-Ohio-635, ¶ 51.

"'When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, * * * , 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id.'" *Ulrich*, at ¶ 22.

*State v. Bailey*, 2d Dist. Clark No. 2011-CA-40, 2012-Ohio-1569, ¶s 12-14.

**{¶ 10}** " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. 'However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12.' *Id.*" *State v. Eicholtz*, 2d Dist. Clark No. 2012 CA 7, 2013-Ohio-302, ¶ 53.

**{¶ 11}** "'[I]n the felony sentencing context, "[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and

2929.12.'" *State v. Jordan*, Columbiana App. No. 09 CO 31, 2010-Ohio-3456, ¶ 12 (internal citation omitted)." *State v. Saunders*, 2d Dist. Greene No. 2009 CA 82, 2011-Ohio-391, at ¶ 15.

**{¶ 12}** As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 13}** We initially note that Kumpfel's five-year sentence, while at the top of the range for the offense of failure to stop after an accident, is clearly within the statutory range for a third degree felony, with one year being the minimum sentence and five years being the maximum sentence authorized by law, pursuant to the version of R.C. 2929.14(A)(3) in effect when Kumpfel was sentenced. While the sentencing court did not make specific mention of the factors in R.C. 2929.11 and 2929.12 at the sentencing hearing, the judgment entry indicates that the trial court considered the principles and purposes of sentencing as

required by statute.   Simply put, Kumpfel's sentence is not contrary to law.

{¶ 14}   We further conclude that an abuse of discretion is not demonstrated.   Before imposing sentence, the trial court noted that it had reviewed the pre-sentence investigation report.   The trial court further stated as follows:

I also want to thank everybody involved, their professionalism, and Mr. Ellinger for preparing the pre-sentence report, the troopers in this case, Mr. Picek, and Mr. Marshall.

I'm confident that you have all taken this case very seriously and have laid out meritorious legal and factual arguments.   I also want to commend Courtney for your courage to make the statement you made.

I feel that the Court has been provided with all the pertinent information in this case in order to make an informed decision, so I am thankful for everybody's professionalism.

Based on all of the information with which the Court has been provided and based upon the sentencing guidelines, and the Ohio Revised Code, I am going to order that the defendant be sentenced to five years in the Ohio State Penitentiary.

{¶ 15}   In the course of the accident giving rise to this matter, Kumpfel struck and killed Robin Shawver as she walked across Lake Road in Clark County.   After he struck Shawver, Kumpfel apparently drove to his residence and parked his badly damaged vehicle in a nearby wooded area when the vehicle was partially obscured.   Additionally, the record revealed that Kumpfel admitted to consuming two beers immediately prior to the accident.

Kumpfel also acknowledged that he had a misdemeanor domestic violence conviction in 1993, in addition to several prior OVI convictions in 1997, 1995, 1992, 1991, 1984, and 1983. In light of the foregoing, it was clearly within the discretion of the trial court to sentence Kumpfel to the maximum sentence, and the sentence is supported by the evidence.

{¶ 16}   Kumpfel's first and second assignments of error are overruled.

{¶ 17}   Kumpfel's third and final assignment of error is as follows:

{¶ 18}   "ORIGINAL APPELLATE COUNSEL WAS INEFFECTIVE/DEFICIENT FOR FAILING TO RAISE THE ISSUES SET FORTH IN ASSIGNMENT OF ERROR ONE AND TWO ABOVE."

{¶ 19}   In light of our disposition with respect to Kumpfel's first and second assignments, his third assignment of error is rendered moot.

{¶ 20}   All of Kumpfel's assignments of error having been overruled or rendered moot, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Lisa M. Fannin
James D. Marshall
Hon. Douglas M. Rastatter