[Cite as *State v. Rastbichler*, 2014-Ohio-628.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :          C.A. CASE NO.    25753

v.                               :          T.C. NO.    12CR1318/1

CULLEN RASTBICHLER               :          (Criminal appeal from
                                               Common Pleas Court)

    Defendant-Appellant         :

                                 :

. . . . . . . . . .

## O P I N I O N

Rendered on the ____21st____ day of _____February_____, 2014.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 125 West Main Street, Suite 201, Fairborn, Ohio 45324
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Cullen Rastbichler appeals his conviction and sentence for one count of possession of heroin (between fifty and two-hundred fifty grams), in violation of R.C. 2925.11(A), a felony of the first degree.  Rastbichler filed a timely notice

of appeal on May 10, 2013.

{¶ 2} The incident which forms the basis for the instant appeal occurred on May 1, 2012, at approximately ten a.m. when Dayton Police Officers Ronald Gustwiler and Creigee Coleman were dispatched to 436 Winters Drive in Dayton, Ohio, after receiving a complaint that the residents therein were trafficking in drugs. Officer Gustwiler testified that upon arrival in the area, he observed a gold colored Ford Taurus with an Indiana license plate pass by their police cruiser and stop in front of 436 Winters Drive. Officer Gustwiler observed that the driver of the vehicle failed to signal before it pulled over and parked in front of the residence. At that point, Officer Gustwiler and Coleman decided to stop the vehicle and issue a traffic citation to the driver.

{¶ 3} After initiating the traffic stop, Officers Gustwiler and Coleman exited their cruiser and approached the vehicle. The vehicle was occupied by two males, later identified as Rastbichler, the driver, and Breon Rutledge who was sitting in the front-passenger seat of the vehicle. The officers retrieved Rastbichler and Rutledge's identification. While Officer Coleman ran their identification through the police computer, Officer Gustwiler stood outside of the cruiser and watched the two men in the stopped vehicle. While he waited for the results of the identification check, Officer Gustwiler observed Rastbichler make a series of furtive movements with his arms before he bent completely over below the level of the driver's seat and out of view. Officer Gustwiler testified that, unlike Rastbichler, Rutledge remained still and made no furtive movements.

{¶ 4} Concerned that Rastbichler might be retrieving a weapon or hiding drugs, Officer Gustwiler ran up to the driver's side of the car, opened the door, and ordered Rastbichler out of the vehicle. When Rastbichler got out of the vehicle, a large bag of what

was later identified as heroin fell onto the ground from under his leg. Officer Gustwiler immediately arrested Rastbichler and placed him in handcuffs. Officer Coleman removed Rutledge from the vehicle and placed him in handcuffs as well. During a search incident to the arrest, Officer Gustwiler located a syringe in Rastbichler's front pants pocket. When Officer Gustwiler asked if the syringe was full, Rastbichler stated that it was empty because he had just used it to shoot up. No drugs or paraphernalia were found on Rutledge.

{¶ 5} Officer Gustwiler placed Rastbichler and Rutledge in the back of his cruiser while Officer Coleman began inventorying the vehicle before it was towed. During the inventory search, Officer Coleman observed two "chunks" of heroin in the center console area and heroin powder strewn across the driver's seat.

{¶ 6} Thereafter, Officer Gustwiler removed Rastbichler from the rear of the cruiser and read him his *Miranda* rights. Rastbichler stated that he understood his rights, waived them, and answered Officer Gustwiler's questions. Rastbichler told Officer Gustwiler that he had traveled from Richmond, Indiana on May 1, 2012, to pick up Rutledge in Dayton whom who he only knew as "D." Rastbichler asserted that Rutledge paid his gas money and also gave him a cap of heroin for giving "D" a ride from Cornell Woods apartment complex to 436 Winters Street. Rastbichler claimed that Rutledge threw the bag of heroin at him as they were being stopped. Rastbichler claimed he was startled and confused so he hid the bag of heroin under his leg. After the brief interview, Officer Gustwiler placed Rastbichler back in the cruiser with Rutledge and transported both to the Montgomery County Jail.

{¶ 7} At trial, Rastbichler testified that while they sitting in the police cruiser,

Rutledge threatened him and told him to tell the police that the heroin was his. On cross examination, Rastbichler testified that the reason he did not immediately tell Officer Gustwiler he had been threatened was because he was scared of Rutledge. Rutledge died at some point prior to trial, and therefore, was unavailable to testify.

{¶ 8} On June 1, 2012, Rastbichler was indicted on one count of possession of heroin, (between fifty and two-hundred fifty grams), in violation of R.C. 2925.11(A), a felony of the first degree. At his arraignment on June 5, 2012, Rastbichler stood mute, and the trial court entered a plea of not guilty on his behalf. Rastbichler filed a motion to suppress on August 1, 2012, arguing that he was seized as a result of an unlawful traffic stop. Following a hearing on September 4, 2012, the trial court overruled Rastbichler's motion to suppress in a decision and entry issued on September 24, 2012.

{¶ 9} After a two-day jury trial ending on April 19, 2013, Rastbichler was found guilty of the charged offense. On April 24, 2013, Rastbichler was sentenced to five years in prison and was ordered to pay a mandatory $10,000.00 fine.

{¶ 10} It is from this judgment that Rastbichler now appeals.

{¶ 11} Rastbichler's first assignment of error is as follows:

{¶ 12} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS."

{¶ 13} In his first assignment, Rastbichler contends that the trial court erred when it overruled his motion to suppress. Specifically, Rastbichler argues that pursuant to Ordinance Section 71.31, he did not commit a traffic violation when he failed to use his turn signal before pulling his car over to the curb since "[t]he use of a turn signal before turning

is required only when another will be affected by the turn." Rastbichler also points out that "there was no testimony at the suppression hearing that the lack of a turn signal affected the Dayton Police Officers." Rastbichler does not challenge the admissibility of the statements that he made to Officer Gustwiler after being stopped and arrested.

{¶ 14} As this Court has previously noted:

"Appellate courts give great deference to the factual findings of the trier of facts. (Internal citations omitted) . At a suppression hearing, the trial court serves as the trier of fact, and must judge the credibility of witnesses and the weight of the evidence. (Internal citations omitted). The trial court is in the best position to resolve questions of fact and evaluate witness credibility. (Internal citations omitted). In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies on the trial court's ability to assess the credibility of witnesses, and independently determines whether the trial court applied the proper legal standard to the facts as found. (Internal citations omitted). An appellate court is bound to accept the trial court's factual findings as long as they are supported by competent, credible evidence." *State v. Hurt*, Montgomery App. No. 21009, 2006-Ohio-990. *State v. Purser*, 2d Dist. Greene No. 2006 CA 14, 2007-Ohio-192, ¶ 11.

{¶ 15} Initially, we note that the only witness who testified at the hearing held on Rastbichler's motion to suppress was Officer Gustwiler. The trial court found his testimony credible and adopted it as the court's factual findings.

**{¶ 16}** The Fourth Amendment to the United Stated Constitution prohibits unreasonable searches and seizures. Stopping an automobile constitutes a "seizure." *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *." *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091 (1996) (police officer stopped the vehicle after seeing the vehicle fail to signal a turn); *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 22-23 (reasonable suspicion or probable cause is sufficient). Thus if a police officer sees a vehicle commit a traffic offense, the officer may lawfully stop the vehicle. *State v. Dukes*, 2d Dist. Montgomery No. 25488, 2013-Ohio-1691, ¶ 13.

**{¶ 17}** In his motion to suppress, Rastbichler merely argued that the initial stop of the vehicle was improper because the police had no articulable facts before them to believe that the appellant was engaged in criminal activity. At the suppression hearing, Rastbichler's counsel did not argue that Ordinance Section 71.31 only required his client to signal a turn when there was traffic in the vicinity of where Officer Gustwiler observed him driving the vehicle. Rastbichler raises this for the first time on appeal. Nevertheless, there is no dispute that at the time of the stop, Officer Gustwiler observed Rastbichler fail to signal movement to the curb. Officer Gustwiler's observation provided him with a lawful basis upon which to stop Rastbichler.

**{¶ 18}** On appeal, Rastbichler asserts that Ordinance Section 71.31 only required his client to signal a turn when there was potentially affected traffic in the vicinity of where

Officer Gustwiler observed him driving the vehicle. For the following reasons, his argument fails.

{¶ 19} The operative language of Ordinance 71.31 states:

Sec. 71.31.   Turn and stop signals

(A) No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety, nor without giving an appropriate signal in the manner hereinafter provided.

(B) When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning.

***

(D) Any stop or turn signal required by this section shall be given either by means of the hand and arm, or by signal lights that clearly indicate to both approaching and following traffic intention to turn *or move right or left ***.*

{¶ 20} In *State v. Bartone*, 2d Dist. Montgomery No. 22920, 2009-Ohio-153, ¶ 20, we held "that Ordinance 71.31 imposes an absolute duty as to giving turn signals that is not conditioned on prevailing traffic conditions." Rastbichler does not contest the fact that he failed to activate his turn signal before pulling over to the curb in front of 436 Winters Drive. Accordingly, Rastbichler's failure to signal before pulling to the curb was a clear traffic violation which provided a lawful basis upon which Officer Gustwiler could initiate a

traffic stop of appellant's vehicle. Thus, the trial court did not err when it overruled Rastbichler's motion to suppress.

{¶ 21} Rastbichler's first assignment of error is overruled.

{¶ 22} Rastbichler's second assignment of error is as follows:

{¶ 23} "THE TRIAL COURT ERRED IN NOT ALLOWING STATEMENTS OF CO-DEFENDANT BREON RUTLEDGE TO BE ADMITTED INTO EVIDENCE."

{¶ 24} In his second assignment, Rastbichler argues that the trial court erred when it sustained an objection from the State when appellant's counsel attempted to introduce an audio/video recording of a conversation between Rastbichler and Rutledge while they sat in the backseat of a police cruiser. Rastbichler sought to have admitted a portion of the conversation during which Rutledge stated the following to the appellant:

You have to tell them that's yours, you can't tell them it's mine, you'd

better tell them it's not.

Because Rutledge was deceased at the time of trial and therefore unavailable, Rastbichler argues that the statement was admissible pursuant to Evid. R. 804(B)(3) as a statement against Rutledge's penal interest.

{¶ 25} The decision of a trial court to admit or exclude evidence rests within the sound discretion of the court and will not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987).

{¶ 26} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will

result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 27} A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 28} The Rules of Evidence generally make hearsay inadmissible, subject to certain exceptions. *See* Evid.R. 802. Under Evid.R. 803, various hearsay statements can be admitted regardless of a declarant's availability, such as in cases of excited utterances of the declarant. *See, e.g.*, Evid.R 803(2). Evid.R. 804 outlines hearsay exceptions that apply when a declarant is not available, and defines "unavailability" to include situations where a declarant "persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so." Evid.R. 804(A)(2). As pertinent to this case, Evid.R. 804(B)(3) states that:

> Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> \*\*\*
>
> (3) Statement against interest. A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render

invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the truthworthiness of the statement. (Footnote omitted.)

{¶ 29} It is undisputed that Rutledge was deceased and therefore, unavailable to testify at Rastbichler's trial. Moreover, in our view, Rutledge's statement, "You have to tell them that's yours, you can't tell them it's mine, you'd better tell them it's not," is clearly a statement against his penal interest insofar as it provides some evidentiary basis to establish that the heroin found in Rastbichler's possession at the time of the stop actually belonged to Rutledge. Thus, the trial court erred when it excluded from evidence the recording of the conversation between Rastbichler and Rutledge which occurred in the backseat of the police cruiser.

{¶ 30} Upon review, however, the trial court's error in refusing to admit the recording of the conversation into evidence is harmless in light of the fact that the State was not required to prove that Rastbichler *owned* the large bag of heroin. Rather, the State was only required to prove that Rastbichler was in possession of the heroin at the time he was ordered out of the vehicle by Detective Gustwiler. At trial, Rastbichler testified as follows during his cross-examination by the State:

The State: And you're saying that sometime between the point when the officers first approached and when they came back that this guy

[Rutledge] takes out this heroin and just throws it at you?

Rastbichler: Yes, sir.

Q: Okay. And you took control of that heroin, didn't you? You picked it up? You put it under your leg, didn't you?

A: Yes, sir.

Q: I mean, by your own admission, you took it, you picked it up, and you would have had to have placed it under your own leg, correct?

A: Yes, sir.

Q: And, in fact, you did that to hide it from police, didn't you?

A: Yes, sir.

Q: Yeah. Because you never told the police about that when they came back to get you, did you?

A: I didn't have time to.

Q: Let me rephrase it, make it a little easier for you to answer. You didn't say when Officer Gustwiler, this officer right here came back up and tried to get you out of the car, you didn't stop and say , "Officer, that man just through [sic] this heroin in my lap," did you?

A: No, I didn't.

{¶ 31} The law is clear that "[n]o person shall knowingly * * * possess a controlled substance." R.C. 2925.11(A). "A person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably

exist." R.C. 2901.22(B). "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

{¶ 32} "Possession of a drug may be either actual physical possession or constructive possession. (Internal citations omitted). A person has constructive possession of an item when he is conscious of the presence of the object and able to exercise dominion and control over that item, even if it is not within his immediate physical possession." *State v. Mabry*, 2d Dist. Montgomery No. 21569, 2007-Ohio-1895.

{¶ 33} In the instant case, Rastbichler had actual physical possession of the heroin when Officer Gustwiler arrested him. Rastbichler testified that while the contraband did not belong to him, he was aware that the substance in the large bag was heroin. Rastbichler also acknowledged that he knowingly hid the heroin under his leg in order to avoid its discovery by the police. As we noted earlier, pursuant to Evid.R. 804(B)(3), Rutledge's statements were against his penal interest insofar as they established his ownership of the heroin. However, the State was only required to establish that Rastbichler knowingly possessed the large bag of heroin when he was arrested in order to secure a conviction under R.C. 2925.11(A) for possession of heroin. Establishment of ownership is not required. Thus, it was harmless error for the trial court to sustain the objection of the State and to refuse to admit the audio/video recording of the conversation between Rastbichler and Rutledge while they sat in the backseat of a police cruiser.

{¶ 34} Rastbichler's second assignment of error is overruled.

{¶ 35} Rastbichler's third assignment of error is as follows:

{¶ 36} "THE MANIFEST WEIGHT OF THE EVIDENCE DOES NOT SUPPORT APPELLANT'S CONVICTION FOR POSSESSION OF HEROIN."

{¶ 37} In his third assignment, Rastbichler contends that his conviction for possession of heroin is not supported by the manifest weight of the evidence.

{¶ 38} "When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Hill*, 2d Dist. Montgomery No. 25172, 2013-Ohio-717, ¶ 8, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "A judgment should be reversed as being against the manifest weight of the evidence 'only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 39} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist.

Montgomery No. 16288, 1997 WL 476684 (Aug. 22, 1997).

{¶ 40} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510 (Oct. 24, 1997).

{¶ 41} Rastbichler was convicted of R.C. 2925.11(A)(C)(6) which states as follows:

(A) No person shall knowingly obtain, possess, or use a controlled substancce or a controlled substance analog.

(C)(6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of possession of heroin.

{¶ 42} Officer Gustwiler testified that Rastbichler's movements inside the car were consistent with someone who was retrieving and then attempting to hide contraband. Officer Gustwiler testified that he observed Rastbichler raise his right arm and then bend over to his right side down below the level of the driver's seat where he was completely obscured. Based on his experience and training, Officer Gustwiler suspected that Rastbichler was retrieving a firearm or hiding contraband. Conversely, Officer Gustwiler further testified that Rutledge made no movements suggesting that he retrieved a large bag of heroin and then threw the bag at Rastbichler.

{¶ 43} Possession of a drug may be either actual physical possession or constructive possession. *State v. Butler*, 42 Ohio St.3d 174, 538 N.E.2d 98 (1989). A person has constructive possession of an item when he is conscious of the presence of the object and

able to exercise dominion and control over that item, even if it is not within his immediate physical possession. *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982); *State v. Wolery*, 46 Ohio St.2d 316, 348 N.E.2d 351 (1976). Significantly, even if Rutledge initially possessed the heroin and then gave it to Rastbichler to hide, that establishes that both individuals shared and exercised dominion over the contraband. Rastbichler testified that he was aware that the large bag contained heroin when he attempted to hide it under his leg.

{¶ 44} Readily usable drugs found in very close proximity to a person may constitute circumstantial evidence sufficient to support a finding that the person constructively possessed those drugs. *State v. Miller*, 2d Dist. Montgomery No. 19174, 2002-Ohio-4197. In determining whether a defendant knowingly possessed a controlled substance, it is necessary to examine the totality of the relevant facts and circumstances. *State v. Teamer*, 82 Ohio St.3d 490, 492, 696 N.E.2d 1049 (1998); *State v. Pounds*, 2d Dist. Montgomery No. 21257, 2006-Ohio-3040. The State may prove constructive possession solely through circumstantial evidence. *State v. Barnett*, 2d Dist. Montgomery No. 19185, 2002-Ohio-4961. Circumstantial evidence and direct evidence have the same probative value. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶ 45} Viewed in a light most favorable to the State, the evidence clearly establishes that Rastbichler knowingly possessed the heroin. Accordingly, we find that Rastbichler's conviction for possession of heroin was not against the manifest weight of the evidence.

{¶ 46} Rastbichler's third assignment of error is overruled.

{¶ 47} Rastbichler's fourth assignment of error is as follows:

{¶ 48} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO A PRISON TERM OF FIVE (5) YEARS."

{¶ 49} In his fourth assignment, Rastbichler argues that the trial court erred when it sentenced him to five years in prison for possession of heroin (between fifty and two-hundred fifty grams), in violation of R.C. 2925.11(A), a felony of the first degree. Specifically, Rastbichler argues that the five-year sentence imposed by the trial court was contrary to law and an abuse of discretion.

{¶ 50} Initially, we note that pursuant to R.C. 2925.11(C)(6)(a), possession of heroin is a felony of the first degree and the trial court shall impose as a mandatory term one of the prison terms prescribed for a first degree felony. The basic prison term for a felony of the first degree *shall* be three, four, five, six, seven, eight, nine, ten, or eleven years. R.C. 2929.14(A)(1).

{¶ 51} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).

{¶ 52} "[I]n *State v. Barker,* Montgomery App. No. 22779, 2009-Ohio-3511, at ¶ 36-37, we stated:

"'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, * * * 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony

offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, * * * 2006-Ohio-855, at ¶ 37.'" *State v. Ulrich*, 2d Dist. Montgomery No. 23737, 2011-Ohio-758, at ¶ 20-21. "[E]ven if there is no specific mention of [R.C. 2929.11 and R.C. 2929.12], 'it is presumed that the trial court gave proper consideration to those statutes.'" *State v. Hall*, 2d Dist. Clark No. 10-CA-23, 2011-Ohio-635, ¶ 51.

"'When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, * * * , 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id.'" *Ulrich*, at ¶ 22.

*State v. Bailey*, 2d Dist. Clark No. 2011-CA-40, 2012-Ohio-1569, ¶s 12-14.

**{¶ 53}** "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. 'However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12.' *Id*." *State v. Eicholtz*, 2d Dist. Clark No. 2012 CA 7, 2013-Ohio-302, ¶ 53.

**{¶ 54}** "'[I]n the felony sentencing context, "[a]n abuse of discretion can be found

if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and 2929.12.'" *State v. Jordan*, Columbiana App. No. 09 CO 31, 2010-Ohio-3456, ¶ 12 (internal citation omitted)." *State v. Saunders*, 2d Dist. Greene No. 2009 CA 82, 2011-Ohio-391, at ¶ 15.

{¶ 55} Pursuant to R.C. 2929.14(A)(1), Rastbichler's sentence was well within the statutory range and thus, not contrary to law. Furthermore, in determining Rastbichler's sentence, the trial court indicated that it considered the purposes and principles of felony sentencing. We note that the trial court did not specifically reference the seriousness or recidivism factors during the sentencing hearing nor in the judgment entry of conviction. We have held, however, that "[a] trial court is not required to state that it considered R.C. 2929.11 and R.C. 2929.12. Unless the sentence is contrary to law, a trial court is presumed to have considered them." *State v. Neff*, 2d Dist. Clark No. 2012-CA-31, 2012-Ohio-6047.

{¶ 56} We further conclude that an abuse of discretion is not demonstrated. We note that although Rastbichler asserts that the trial court abused its discretion when it sentenced him to five years in prison, he fails to provide any support for this assertion in his brief. At the sentencing hearing, the trial court noted that it found Rastbichler's testimony not to be credible. The trial court additionally found that given the totality of the circumstances surrounding the incident, it believed that even if Rastbichler was not a drug dealer, he was at the very least a drug courier. Despite this being Rastbichler's first offense, the trial court articulated findings that provided a clear basis for the sentence it imposed.

{¶ 57} Rastbichler's fourth assignment of error is overruled.

{¶ 58} Rastbichler's fifth and final assignment is as follows:

{¶ 59} "THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A MANDATORY FINE OF $10,000.00 UPON APPELLANT."

{¶ 60} In his final assignment, Rastbichler argues that the trial court abused its discretion when it imposed a mandatory fine without first determining his present and future ability to pay.

{¶ 61} Although Rasttbichler's fine was mandatory under R.C. 2929.18, the trial court still was obligated by R.C. 2929.19(B)(5) to consider his "present and future ability to pay." A hearing on a defendant's ability to pay is not required. Nor is a court required to make findings. "All that is required is that the trial court 'consider' a defendant's ability to pay." *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶55 (citations omitted). "[A] trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine." *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶42. Under appropriate circumstances, a reviewing court may infer that a trial court considered the issue. *Id*.

{¶ 62} Initially, we note that an affidavit of indigency was not filed on behalf of Rastbichler at or prior to his sentencing hearing. Additionally, Rastbichler did not allege that he was indigent nor that he was unable to pay the mandatory fine. Upon review, however, the record establishes that Rastbichler was twenty-five years old at the time of sentencing. Moreover, he was enrolled in his last year of a college welding program, and he was employed prior to his arrest. Rastbichler's status and skills are indicative of employability. In light of these facts, and absent any evidence to the contrary, the trial court

could reasonably conclude that Rastbichler will have the ability to pay the mandatory fine.

{¶ 63}  Rastbichler's fifth and final assignment of error is overruled.

{¶ 64}  All of Rastbichler's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and FAIN, J., concur.

Copies mailed to:

Andrew T. French
David R. Miles
Hon. Barbara P. Gorman