**[Cite as *State v. Ash*, 2021-Ohio-602.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-22 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-61B |
| | : | |
| EDDIE ASH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of March, 2021.

. . . . . . . . . .

DANIEL P. DRISCOLL, Atty. Reg. No. 0074787, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

STEVEN M. GAULDING, Atty. Reg. No. 0085285, 5080 Warrensville Center Road, Maple Heights, Ohio 44137
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Eddie Ash appeals from a judgment of the Clark County Court of Common Pleas, which overruled his "Petition to Vacate or Set Aside Conviction Under R.C. 2953.21" without a hearing. Ash filed a timely notice of appeal on May 20, 2020.

{¶ 2} The incident which formed the basis for Ash's conviction occurred on December 9, 2018, when Springfield Police Department Detective Jason Via observed the driver of a silver 2018 Chevy Impala commit a turn signal violation at the intersection of Harrison Street and Linden Avenue in Springfield, Ohio; the driver was later identified as co-defendant Gregory Montgomery. Based upon what he had observed, Det. Via contacted Sergeant Coverstone from the Ohio State Highway Patrol and requested that he initiate a traffic stop of the subject vehicle.

{¶ 3} After stopping the vehicle, Sgt. Coverstone requested that a canine unit respond to the scene. The canine unit arrived at the scene, walked around the vehicle, and positively indicated on the vehicle. Sgt. Coverstone and other officers then began searching the interior of the vehicle. Among various other drugs and drug paraphernalia, Sgt. Coverstone discovered two vacuum-sealed bags on the front passenger-seat floorboard. The two bags were later found to contain 247.26 grams and 247.69 grams of powder cocaine, respectively. Ash and Montgomery were arrested and taken into custody.

{¶ 4} On January 28, 2019, Ash was indicted for trafficking in cocaine and possession of cocaine, both felonies of the first degree. Ash pled not guilty to the charged offenses.

{¶ 5} On March 1, 2019, Ash filed a motion to suppress the physical evidence

seized from the vehicle as a result of the traffic stop. Ash's motion also requested that any statements he made after being detained and arrested be suppressed as well. In his motion to suppress, Ash argued that "the traffic stop was improperly conducted without reasonable suspicion of criminal activity and that he was arrested without the officer having a warrant for his arrest." Motion to Suppress, p. 2.

{¶ 6} Foregoing his motion to suppress,[1] Ash pled guilty to an amended charge of trafficking in cocaine, a felony of the second degree, on April 29, 2019. In exchange for Ash's guilty plea, the State agreed to dismiss the count for possession of cocaine, and the parties jointly recommended a two-year prison sentence. The trial court accepted Ash's plea, found him guilty of trafficking in cocaine as a felony of the second degree, and imposed a two-year prison sentence. Ash did not file a direct appeal from the trial court's judgment.

{¶ 7} On March 25, 2020, Ash filed a petition for post-conviction relief under R.C. 2953.21. In his petition, Ash argued that he received ineffective assistance of counsel since "he would not have pled [guilty] * * * had he been aware of the existence of [a] dash camera [video] demonstrating that [co-defendant] had used his turn signal." Appellant's Brief, p. 4. Ash argued that Sgt. Coverstone's dash camera in his cruiser clearly indicated that Montgomery had used his turn signal when turning, and therefore the basis of the stop articulated by Sgt. Coverstone "was merely a ploy to pull over the vehicle." *Id.* Ash argued that, if he had been aware of the existence of a video from Sgt. Coverstone's cruiser cam, which depicted Montgomery actually using his turn signal, he would never

---

[1] The record before us contains neither a motion to withdraw Ash's motion to suppress nor any entry from the trial court regarding his decision to abandon said motion.

have pled guilty to trafficking in cocaine. On April 23, 2020, the trial court overruled Ash's petition without ordering a hearing.

{¶ 8} It is from this judgment that Ash now appeals.

{¶ 9} Ash's sole assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. ASH'S PETITION IN VIOLATION OF THE FOURTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 10} In his sole assignment, Ash contends that the trial court erred when it overruled his petition for post-conviction relief without a hearing. Specifically, Ash argues that, had a suppression hearing been held (at which Sgt. Coverstone's cruiser cam video from the night of the traffic stop presumably would have been played), the video would have demonstrated that no traffic violation occurred and therefore the stop was unlawful. Ash also argues that, since he was unaware of the existence of the cruiser cam video until after he pled guilty to trafficking in cocaine, his plea was unknowing, involuntary, and unintelligent and should be reversed. We disagree.

{¶ 11} R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." The statute further provides that the "petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief." "We review trial court decisions on petitions for post-conviction relief under an abuse of discretion standard." (Citations omitted.) *State v. Perkins*, 2d Dist.

Montgomery No. 25808, 2014-Ohio-1863, ¶ 27. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 26060, 2014-Ohio-4602, ¶ 8.

{¶ 12} R.C. 2953.21(C) provides:

The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

{¶ 13} "A post-conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *see also State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ 14} The post-conviction relief statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically

required." *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing. *Gondor* at ¶ 51. A trial court may dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶ 51.

{¶ 15} This court reviews alleged instances of ineffective assistance of trial counsel under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases provide that trial counsel is entitled to a strong presumption that his or her conduct fell within the wide range of reasonable assistance. *Strickland* at 689; *Bradley* at 142. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial court proceeding would have been different. *Bradley* at 142.

{¶ 16} "The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee the right to be free from unreasonable searches and seizures." (Citation omitted.) *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 7. "Stopping an automobile constitutes a 'seizure.' " *State v. Rastbichler*, 2d Dist. Montgomery No. 25753, 2014-Ohio-628, ¶ 16, citing

*Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). "[A] police officer may lawfully stop a vehicle if the officer has a reasonable articulable suspicion that the operator has engaged in criminal activity, including a minor traffic violation." *State v. Hardy*, 2d Dist. Montgomery No. 24114, 2011-Ohio-241, ¶ 20, citing *Mays* at ¶ 7-8.

**{¶ 17}** In determining whether there was a reasonable, articulable suspicion to stop and detain a motorist, the court must evaluate the "totality of the circumstances." *State v. Heard*, 2d Dist. Montgomery No. 19323, 2003-Ohio-1047, ¶ 14. "These circumstances must be considered 'through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold.' " *State v. White*, 2d Dist. Montgomery No. 18731, 2002 WL 63294, *2 (Jan. 18, 2002), quoting *State v. Andrews*, 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991).

**{¶ 18}** "Under [the collective knowledge] doctrine, 'police officers may develop the reasonable suspicion necessary to effect a search or seizure based on information obtained and relayed by fellow officers.' " *State v. Ojezua*, 2016-Ohio-2659, 50 N.E.3d 14, ¶ 30 (2d Dist.), quoting *United States v. Chambers*, 638 Fed.Appx. 437 (6th Cir.2015), fn. 4. (other citations omitted); *accord State v. Jones*, 2d Dist. Montgomery No. 23926, 2011-Ohio-1984, ¶ 20 (the collective knowledge doctrine "permits police officers to rely on information provided to them by other officers in helping to establish probable cause or reasonable suspicion"). "Reasonable suspicion may exist based upon the collective knowledge of the police when there is reliable communication between the officer supplying the information and the officer acting on that information." *State v. Mook*, 9th Dist. Wayne No. 97CA0069, 1998 WL 417461, *3 (July 15, 1998), quoting *United States*

*v. Allison*, 616 F.2d 779, 782 (5th Cir.1980); *accord Ojezua* at ¶ 30.

{¶ 19} As previously stated, the traffic stop of the vehicle that Montgomery was driving and in which Ash was a passenger was not based upon any traffic violations observed by Sgt. Coverstone. Rather, the record establishes that Det. Via observed the driver of the subject vehicle fail to use a turn signal when making a turn. Det. Via then relayed his observation of the traffic violation to Sgt. Coverstone, who initiated a traffic stop of the vehicle based upon that information. Simply put, Sgt. Coverstone lawfully relied upon Det. Via's observation of the traffic violation as a basis for stopping the subject vehicle. Therefore, had a suppression hearing been held and Sgt. Coverstone's cruiser cam video been played, it is highly unlikely that the contents of the video would have resulted in a favorable outcome for Ash. Furthermore, had a suppression hearing been held, Det. Via would have presumably testified that he observed the driver of the vehicle commit a turn signal violation, and then he requested that Sgt. Coverstone initiate the traffic stop, thus rendering the contents of Sgt. Coverstone's cruiser cam video irrelevant for the purposes of a suppression hearing.

{¶ 20} Thus, we conclude that Ash's trial counsel's decision to forego a suppression hearing was likely a tactical decision and therefore not a proper basis for a finding of ineffective assistance of counsel. An appellant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. *State v. Brown*, 38 Ohio St.3d 305, 319, 528 N.E.2d 523 (1988). A reviewing court may not second-guess decisions of counsel which can be considered matters of trial strategy. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). Debatable strategic and tactical decisions may not form the basis of a claim for ineffective

assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992). Here, trial counsel could have reasonably believed that pursuing a motion to suppress would have been a futile act, and that the better course of action was to advise Ash to plead to a lesser offense with a shorter recommended sentence. Accordingly, we find that the trial court did not err when it overruled Ash's petition for post-conviction relief without a hearing.

{¶ 21} Ash's assignment of error is overruled.

{¶ 22} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


TUCKER, P.J. and HALL, J., concur.


Copies sent to:

Daniel P. Driscoll
Steven M. Gaulding
Hon. Douglas M. Rastatter