**[Cite as *State v. Caupp*, 2023-Ohio-2889.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29717 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 03379 |
| | : | |
| MATTHEW CAUPP | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 18, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

MARY ADELINE R. LEWIS, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Matthew Caupp appeals from his conviction for aggravated possession of drugs. Caupp claims his conviction was not supported by sufficient evidence. Because we find no merit in this argument, the judgment of the trial court is affirmed.

## I.     Facts and Procedural History

{¶ 2} On May 5, 2021, City of Clayton Police Officer Cody Cecil was on routine patrol.   At approximately 11:00 p.m., he encountered a Chevy pickup truck near the intersection of Westbrook Road and Ohio State Route 49.   Cecil ran the vehicle's license plate and discovered the truck was registered to Caupp, who had an outstanding warrant for his arrest.   Cecil initiated a stop and determined that Caupp, who was driving the truck, was the vehicle's only occupant.

{¶ 3} Because Caupp was being arrested on the warrant, officers determined that the vehicle would be towed, and they conducted an inventory search.   Cecil located a glass pipe on the driver's seat that was several inches long with white residue.   He found more glass pipes in the center console.   A plastic bottle with a "smoker pipe," which Cecil described as a bong with white residue, was located behind the front passenger seat. Cecil testified that he believed, based upon his experience and training, that the white residue was consistent with the use of methamphetamine.     Finally, Cecil located a soda can located directly behind the center console.   When he picked up the can, Cecil noted that it was not the appropriate weight for an unopened can of soda.   He then observed that the can had a "false lid."   After unscrewing the top of the can, Cecil found what was later determined to be methamphetamine.

{¶ 4} Caupp was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A).   Following a jury trial, he was convicted as charged.   The trial court sentenced Caupp to a term of community control not to exceed five years.

{¶ 5} Caupp appeals.

## II.     Sufficiency of the Evidence

{¶ 6} Caupp's sole assignment of error states:

THE TRIAL COURT ERRED IN FAILING TO GRANT THE APPELLANT'S MOTION FOR ACQUITTAL UNDER RULE 29 BECAUSE THE STATE FAILED TO PROVE THAT HE WAS KNOWINGLY IN POSSESSION OF A CONTROLLED SUBSTANCE.

{¶ 7} Caupp asserts the trial court erred by overruling his Crim.R. 29 motion for acquittal.  In support, he argues that the State failed to present evidence sufficient to support his conviction for aggravated possession of drugs.

{¶ 8} "A Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial."  *State v. Cranford*, 2d Dist. Montgomery No. 23055, 2011-Ohio-384, ¶ 31.  "A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law."  *Id.*, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).  In reviewing this issue, we apply the standard set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991):

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable

doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶ 9} Caupp was convicted of possession of drugs in violation of R.C. 2925.11(A), which prohibits the knowing possession of drugs. "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 10} " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession of a drug may be either actual physical possession or constructive possession. *State v. Mabry*, 2d Dist. Montgomery No. 21569, 2007-Ohio-1895, ¶ 18; *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976). A person has constructive possession of an object when he is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within his immediate physical possession. *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus. Readily usable drugs in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession. *State v. Ruby*, 149 Ohio App.3d 541, 2002-Ohio-5381, 778 N.E.2d 101, ¶ 36 (2d Dist.).

"Establishment of ownership is not required." *State v. Rastbichler*, 2d Dist. Montgomery No. 25753, 2014-Ohio-628, ¶ 33. In determining whether an individual possessed an item, it is necessary to consider all the facts and circumstances surrounding the incident. *Mabry* at ¶ 20.

{¶ 11} The only issue Caupp raises is whether the State proved that he knowingly possessed the drugs inside the vehicle. While he admits he was the owner of the truck, he argues there was no evidence that he was the sole user of the truck. He also argues there was no evidence that either the drug paraphernalia or the can containing methamphetamine belonged to him. He thus claims that the State relied on "wholly circumstantial" evidence which "fell short" of establishing ownership of the drugs.

{¶ 12} Caupp correctly notes that the State did not present direct evidence that he knew there were drugs in his vehicle. However, circumstantial evidence and direct evidence have the same probative value. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991).

{¶ 13} Here, the evidence established that Caupp was the owner, operator, and sole occupant of the vehicle stopped by Cecil. A glass pipe with white residue was found in Caupp's seat after he exited the vehicle. A bong with white residue and more glass pipes were in areas that were within Caupp's reach from the driver's seat. Likewise, Cecil testified that the soda can, which was located directly behind the center console, was within Caupp's reach from the driver's seat. All the items found by the officer were in open view and within reach of Caupp while seated in the vehicle. Thus, a reasonable juror could have inferred that Caupp knew these items were in his vehicle. Further,

because drug paraphernalia was readily apparent in the vehicle, some of which had white residue identified by Cecil as being indicative of methamphetamine, a reasonable juror could have inferred that Caupp had also been aware of the methamphetamine inside the false soda can.

{¶ 14} After viewing the record in a light most favorable to the State, we conclude that the State presented evidence sufficient to demonstrate constructive possession of the methamphetamine found in the vehicle. Therefore, the assignment of error is overruled.

### III.     Conclusion

{¶ 15} Caupp's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.